UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON LEVETTE WASHINGTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. KEEGAN, et al.,<br><br>　　　　　Defendants. | Case No. 22-cv-03028-SI<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 20 |

Before the Court is defendants Keegan and Abrams' motion to dismiss the complaint. Dkt. No. 20. Plaintiff has not opposed the motion. *See* Dkt. No. 26. For the reasons set forth below, the motion to dismiss is **GRANTED**. Further, pursuant to 28 U.S.C. § 1915, the Complaint is **DISMISSED** against all defendants, with leave to amend on or before February 20, 2023.

**BACKGROUND**

Plaintiff Jason Levette Washington filed the instant lawsuit *pro se* on May 23, 2022. Dkt. No. 1. The complaint names as defendants M. Keegan and K. Abrams (hereafter the "Deputies"), who are deputies in the Alameda County Sheriff's Department; the Alameda County Superior Court; several Doe defendants, who are alleged to be employees of the Sheriff's Department; Qing C. Li, who appears to be plaintiff's former landlord; and Yassa Goba Washington, a Mr. Olsen, and a Mr. Hewison, none of whom are described in the Complaint. Dkt. No. 1; *see* Dkt. No. 20 (identifying Keegan and Abrams as deputies); Dkt. No. 20-1 at 11 (identifying Qing Cheng Li as landlord in unlawful eviction case).

Plaintiff alleges employees of the Alameda County Sheriff's Department unlawfully removed from him from 5609 Foothill Boulevard in Oakland, California, where he operated a youth

ministry. *Id.* ¶¶ 1–11. Plaintiff alleges the defendants "forcefully opened the door" and held it open, refused to show him paperwork, grabbed him "with force," placed him under arrest, "forcefully placed [him] in the rear of a vehicle," and held him in custody for 34 hours before releasing him. Dkt. No. 1 ¶¶ 8–18. Plaintiff alleges Qing C. Li changed the locks while plaintiff was restrained. *Id.* ¶ 19.

The complaint does not allege specific actions by any of the defendants except for the Deputies and Defendant Li, although it makes vague allegations that plaintiff has been "harassed, oppressed, and assaulted" by government entities and that "multiple civil entities" are engaged in a "coordinated predisposition" against plaintiff. Dkt. No. 1 ¶¶ 21–22. Plaintiff incorporated a link to a YouTube video in his complaint; however, at the time of writing that video was no longer available. *See id.* ¶ 8.

Plaintiff brings claims against all defendants for "Deprivation of Civil Rights" under 42 U.S.C. § 1983, for neglect under 42 U.S.C. § 1986, for "deprivation of rights under color" under 18 U.S.C. § 242, for "conspiracy against rights" under 18 U.S.C. § 241, for aggravated kidnapping, and for false arrest. *Id.* at 9. He also brings claims for assault against the Deputies and the Doe defendants. *Id.*

The case was initially assigned to a magistrate judge, who granted plaintiff's motion to appear *in forma pauperis* and ordered that the U.S. Marshals Service serve the defendants. Dkt. No. 6. Only the Deputies and the Alameda County Superior Court have been served; it is not clear whether plaintiff has responded to a letter requesting address information for the other defendants. Dkt. No. 7 (service); Dkt. No. 8 (letter to plaintiff).

The Deputies moved to dismiss on December 1. Dkt. No. 20. Plaintiff has not responded to their motion. *See* Dkt. No. 26.

The Deputies argue that plaintiff's complaint is an attempt to relitigate his lawful eviction through the Alameda County Superior Court. Dkt. No. 20 at 11. The Court takes judicial notice of public records showing that Qing Chen Li brought a complaint for unlawful detainer in the Alameda County Superior Court for the premises located at 5609 Foothill Boulevard in Oakland, California,

and obtained a default judgment on December 8, 2022.[1] Dkt. No. 20-1 at 11–12; *Li v. New Beginnings Int'l Ministry et al.*, No. RG21113099 (Super. Ct. Alameda Cnty., Nov. 11, 2021); *see Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir.1988) ("In addition to the complaint, it is proper for the district court to 'take judicial notice of matters of public record outside the pleadings' and consider them for purposes of the motion to dismiss."). Mr. Washington was not named in the complaint, but the judgment applied "to all occupants of the premises." *Id.* A writ of possession was issued on December 9. *Id.* at 14. On January 20, 2022, the same day plaintiff alleges he was unlawfully removed, the Alameda County Sheriff's Office certified that it returned possession of the premises to Li. Dkt. No. 1 ¶¶ 1–12 (alleging removal from residence); Dkt. No. 20-1 at 18 (return on writ of possession).

The Deputies argue that plaintiff failed to adequately plead facts establishing a cause of action, that the Complaint should be dismissed as unintelligible, that plaintiff's admission he refused to comply with the writ of possession precludes his false arrest claims, that the Deputies were justified in their use of force, that the Deputies are entitled to qualified immunity, that the lawsuit is an *de facto* appeal of the unlawful detainer case through which plaintiff was evicted, and that plaintiff is improperly splitting his claims. Dkt. No. 20.

## LEGAL STANDARD

To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007). The Court must accept the factual allegations in the complaint as true. *Id.* However, the facts pleaded in the complaint must be more than "merely consistent with" liability, and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Because plaintiff

---

[1] The Deputies also ask the Court to take judicial notice of a separate complaint pending in state court in which plaintiff alleges Yassa Goba Washington attempted to evict him unlawfully; however, the complaint in that case was filed in May 2020 and appears to involve different events. *See* Dkt. No. 20-1 at 23; *see also* Complaint, *Washington v. Washington*, No. RG20060872 (Super. Ct. Alameda Cnty., May 11, 2020).

3

1  appears *pro se*, "the court must construe the pleadings liberally and must afford plaintiff the benefit
2  of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

3  The Court may "take judicial notice of matters of public record outside the pleadings" for
4  purposes of a motion to dismiss. *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988)
5  (quoting *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)).

6  Under 28 U.S.C. § 1915, a district court shall dismiss a case brought *in forma pauperis* "at
7  any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state
8  a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is
9  immune from such relief."

10  Dismissal without leave to amend is proper only if the Court "determines that the pleading
11  could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127
12  (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Further, "a pro se
13  litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome
14  deficiencies unless it is clear that they cannot be overcome by amendment." *Eldridge v. Block*, 832
15  F.2d 1132, 1135–36 (9th Cir. 1987).

**DISCUSSION**

18  Although the current motion to dismiss is brought only by the Deputies, a district court shall
19  dismiss a case brought in forma pauperis "at any time if the court determines that . . . the action . . .
20  (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks
21  monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915. A
22  complaint fails to state a claim upon which relief can be granted where it does not contain "sufficient
23  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*
24  *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007).

25  Plaintiff names several defendants about whom he makes no specific allegations: the
26  Alameda County Superior Court, "Mr. Olsen," "Mr. Hewison," Yassa Goba Washington, and Does
27  1–10. Because plaintiff makes no specific allegations about these defendants, his complaint does
28  not contain sufficient allegations to state a claim upon which relief can be granted against them.

4

Plaintiff's claims against these defendants are therefore dismissed. In addition, plaintiff is advised that the *Rooker-Feldman* doctrine prohibits federal courts from reviewing state court judgments. *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 858 (9th Cir. 2008). Further claims attempting to appeal or undermine the Alameda Superior Court's orders in the unlawful detainer case will be dismissed. *See id.* (noting claims will be dismissed if they constitute a "de facto" appeal of a state court decision).

Plaintiff's only allegation against Mr. Li is that he violated California Civil Code 789.3 by "chang[ing] locks, dispossessing Plaintiff of all his property, and access to the church services being terminated due to such act." Dkt. No. 1 ¶ 17. But plaintiff does not make a claim under California Civil Code 789.3. *Id.* at 9. Further, the Court notes that the statute 789.3 explicitly does not "prevent the lawful eviction of a tenant by appropriate legal authorities." Cal. Civ. Code 789.3(b)(3). To the extent plaintiff seeks to appeal the writ of possession issued by the Alameda Superior Court, plaintiff's claim is barred by the *Rooker-Feldman* doctrine as discussed above. *Reusser*, 525 F.3d at 858 (9th Cir. 2008). Plaintiff's claims against Mr. Li are therefore dismissed.

That leaves plaintiff's claims against the Deputies and Doe defendants. Plaintiff's first claim is made under 42 U.S.C. § 1983 but does not "identify the specific constitutional right allegedly infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Because 42 U.S.C. § 1983 "is not itself a source of substantive rights," but rather provides "a method for vindicating federal rights elsewhere conferred," plaintiff's first claim fails.

Plaintiff's second claim is made under 42 U.S.C. § 1986 but plaintiff does not plead a claim under 42 U.S.C. § 1985. 42 U.S.C. § 1986 creates a cause of action for neglect to prevent harms caused by a conspiracy under 42 U.S.C. § 1985. The Ninth Circuit has held that a cause of action under 42 U.S.C. § 1986 cannot be brought absent a valid claim under 42 U.S.C. § 1985. *Trerice v. Pedersen*, 769 F.2d 1398, 1403 (9th Cir. 1985); *see O'Neal v. Albertson*, No. 20-16892, 2022 WL 861030, at *1 (9th Cir. Mar. 23, 2022) (applying this principle to claims brought *pro se*).

Plaintiff's third and fourth causes of action are brought under 18 U.S.C. §§ 241 and 242, which are criminal statutes that "provide no basis for civil liability." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (rejecting civil claims under 18 U.S.C. §§ 241 and 242). Plaintiff's third

and fourth claims are dismissed.

Plaintiff's fifth and sixth causes of action are for assault. Dkt. No. 1 at 9. To establish civil assault, plaintiff would have to show that "(1) the officers threatened to touch him in a harmful or offensive manner; (2) it reasonably appeared to him that they were about to carry out the threat; (3) he did not consent to the conduct; (4) he was harmed; and (5) the officers' conduct was a substantial factor in causing the harm." *Tekle v. United States*, 511 F.3d 839, 855 (9th Cir. 2007). Further, "[b]ecause police officers are permitted to use reasonable force to effectuate an arrest, liability for civil assault may only arise if the assault resulted from a police officer's use of unreasonable force." *Worthy v. City of Berkeley*, 573 F. Supp. 3d 1398, 1415 (N.D. Cal. 2021), *order clarified*, No. 20-CV-05558-EMC, 2021 WL 5758887 (N.D. Cal. Dec. 3, 2021). The only facts plaintiff pleads to support his assault claims are that police officers "grabbed" plaintiff, "falsely arrest[ed] him," and "forcefully" "placed [him] in the rear of a vehicle." Plaintiff alleges no facts supporting that the officers' use of force was unreasonable, that he was harmed, or that the officers' conduct was a substantial factor in causing the harm. *See Tekle*, 511 F.3d at 855 (9th Cir. 2007) (listing elements). Plaintiff's fifth and sixth causes of action are therefore dismissed.

Plaintiff's seventh cause of action is for "aggravated kidnapping tort," while his eighth cause of action is for false arrest. Dkt. No. 1 at 9. The Court liberally construes plaintiff's seventh cause of action as one for false imprisonment and false arrest. *Pellecer v. Gutierrez*, No. 214CV04959JLSSP, 2021 WL 4848469, at *5 (C.D. Cal. June 30, 2021) *report and recommendation adopted*, No. 214CV04959JLSSP, 2021 WL 4845786 (C.D. Cal. Oct. 14, 2021) (construing kidnapping claim against police as overlapping with false arrest and imprisonment claims); *Chipman v. Nelson*, No. 2:11-CV-2770-GEB-EFB, 2013 WL 1007285, at *5 (E.D. Cal. Mar. 13, 2013), *report and recommendation adopted*, No. 2:11-CV-2770-GEB, 2013 WL 1284330 (E.D. Cal. Mar. 28, 2013) (construing kidnapping claim as tort claim for false imprisonment); *see Nieves v. Bartlett*, , 139 S. Ct. 1715, 1726 n. 2 (2019) (describing false imprisonment and false arrest as "virtually synonymous"). The Court liberally construes plaintiff's claim for false arrest as one made under 42 U.S.C. § 1983.

The facts alleged, taken with the matters of public record judicially noticed by the Court, are

not sufficient to support an action for false arrest or false imprisonment. To prevail on a claim for false arrest and imprisonment, a plaintiff must "demonstrate that there was no probable cause to arrest him." 159 F.3d 374, 380 (9th Cir. 1998). Court records from the Alameda Superior Court case show that officers went to plaintiff's residence on January 20, 2022 pursuant to a writ of possession issued by the court on December 9, 2021. Return on Writ of Possession, *Li v. New Beginnings Int'l Ministry et al.*, No. RG21113099 (Super. Ct. Alameda Cnty., Mar. 10, 2022); *see* Dkt. No. 20-1 at 18. Plaintiff has not pleaded any facts showing that the officers lacked probable cause to arrest him in light of the writ of possession. *See* Dkt. No. 1.

## CONCLUSION

Plaintiff's complaint is **DISMISSED** with leave to amend. **Plaintiff shall file an amended complaint on or before February 20, 2023. Failure to do so will result in dismissal of the complaint WITH prejudice and without leave to amend.**

**IT IS SO ORDERED**.

Dated: January 19, 2023

SUSAN ILLSTON
United States District Judge

7