UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JASON LEVETTE WASHINGTON,

        Plaintiff,

    v.

M. KEEGAN, et al.,

        Defendants.

Case No. 22-cv-03028-SI

**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH PREJUDICE**

Re: Dkt. No. 29

**BACKGROUND**

Plaintiff filed his original complaint *pro se* on May 23, 2022 against M. Keegan and K. Abrams (hereafter the "Deputies"), who are deputies in the Alameda County Sheriff's Department; the Alameda County Superior Court; several Doe defendants, who are alleged to be employees of the Sheriff's Department; Qing C. Li, who appears to be plaintiff's former landlord; and Yassa Goba Washington, a Mr. Olsen, and a Mr. Hewison, none of whom are described in the Complaint. Dkt. No. 1; see Dkt. No. 20 (identifying Keegan and Abrams as deputies); Dkt. No. 20-1 at 11 (identifying Qing Cheng Li as landlord in unlawful eviction case).

The case was initially assigned to a magistrate judge who granted plaintiff's motion to appear *in forma pauperis*. Dkt. No. 6. The case was reassigned to the undersigned and, while deciding a motion to dismiss filed by the Deputies, the Court made a determination that the complaint was deficient pursuant to 28 U.S.C. § 1915. Dkt. No. 28. The Court dismissed the complaint with leave to amend and ordered that the complaint must be amended by February 20, 2023, or it would be dismissed with prejudice and without leave to amend. *Id.*

Plaintiff filed the amended complaint on February 21, 2023, one day after the deadline set by the Court. Dkt. No. 29. Nonetheless, the Court will evaluate the amended complaint for

United States District Court
Northern District of California

1  compliance with 28 U.S.C. § 1915.

2       The amended complaint adds defendants Cesar Granadeno; "B. Olsen,"[1] alleged to work for

3  the Oakland police department; Jason Chin, a judge of the Alameda Superior Court; "Doe Cal

4  Illegals," which appears to be a reference to undocumented immigrants; and "Joshua A" and several

5  Doe defendants alleged to work at the Melrose Library in Oakland. Dkt. No. 29 at 9–10.

6       The amended complaint is largely incomprehensible.  To the extent the complaint can be

7  understood, it appears to involve three separate incidents.  *See* Dkt. No. 29 at 11–21.  The first

8  incident complained of appears to be the same eviction described in the original complaint.  *Id.* at

9  11–15.  Plaintiff explicitly states that he takes issue with an unlawful detainer case brought against

10  him.  *Id.* at 15.  The next incident complained of appears to be an altercation with several

11  unidentified undocumented immigrants in which plaintiff admits he punched one of them in the face

12  "about five times."  *Id.* at 15–17.  Plaintiff alleges he was then arrested, deemed not competent to

13  represent himself, and assigned a public defender by the judge presiding in his criminal case in state

14  court.  *Id.* at 18–19.  The last incident described in the complaint appears to consist of a library

15  employee telling plaintiff he was banned from using the library.  *Id.* at 20–21.

16       On March 7, 2023, the Deputies moved to dismiss the amended complaint.  Dkt. No. 30.

17

18                                      **LEGAL STANDARD**

19       Under 28 U.S.C. § 1915, a district court shall dismiss a case brought in forma pauperis "at

20  any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state

21  a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is

22  immune from such relief."  A complaint fails to state a claim upon which relief can be granted where

23  it does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is

24  plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v.*

25  *Twombly*, 550 U.S. 544, 570 (2007).

26       Under Federal Rule of Civil Procedure 15(a)(2), leave to amend should be freely given

27

28       [1] Presumably this is the same "Mr. Olsen" who is named in the original complaint.  *See* Dkt.
No. 1.

United States District Court
Northern District of California

2

1    "when justice so requires."  Further, "a pro se litigant bringing a civil rights suit must have an

2    opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be

3    overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135–36 (9th Cir. 1987).  However,

4    a district court may exercise its discretion to deny leave to amend "due to undue delay, bad faith or

5    dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

6    previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment,

7    [and] futility of amendment." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir.

8    2009), *as amended* (Feb. 10, 2009) (internal quotation marks omitted) (quoting *Leadsinger, Inc. v.*

9    *BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir.2008)).

10

11                                        **DISCUSSION**

12          Plaintiff brings 45 claims, none of which have merit.  Many of the deficiencies in plaintiff's

13   amended complaint are the same as those identified in the order dismissing his original complaint.

14   *See* Dkt. No. 28.

15          Claims one and two are for "Aggravated Kidnapping Tort" against defendants Keegan and

16   Abrams.  Dkt. No. 29 at 21.  These claims fail for the same reasons described in the order dismissing

17   the original complaint; plaintiff has failed to cure these deficiencies.  *See* Dkt. No. 28 at 6.  Claims

18   thirty and thirty-one are for "Aggravated Kidnapping Tort" against defendants Hewison and Olsen

19   for arresting plaintiff following an incident wherein he admits he punched another person five times

20   in the face.  Dkt. No. 29 at 17–18, 24.  As explained in the order dismissing the original complaint,

21   the Court construes these as claims for false arrest.  *See* Dkt. No. 28 at 6.  The facts alleged are not

22   sufficient to support an action for false arrest or false imprisonment. To prevail on a claim for false

23   arrest and imprisonment, a plaintiff must "demonstrate that there was no probable cause to arrest

24   him." 159 F.3d 374, 380 (9th Cir. 1998).  Plaintiff has not pleaded any facts showing that the officers

25   lacked probable cause to arrest him in light of his admission that he punched another person five

26   times.  *See* Dkt. No. 29 at 17–18.

27          Claims three, four, five, six, seven, eleven, thirteen, fifteen, sixteen, seventeen, eighteen,

28   twenty-two, twenty-three, thirty-two, thirty-three, thirty-four, thirty-five, and forty are brought

United States District Court
Northern District of California

3

1    under 18 U.S.C. §§ 241 and 242.  Dkt. No. 29 at 21–25.  As explained in the prior order, these are

2    criminal statutes that "provide no basis for civil liability." Dkt. No. 28 at 5 (quoting *Aldabe v.*

3    *Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980)).

4         Claims seven, eight, fourteen, nineteen, twenty-four, twenty-five, thirty-six, thirty-seven,

5    forty-one, forty-three, forty-four, and forty-five are all brought under 42 U.S.C. § 1983.  Dkt. No.

6    29 at 21–26.  None of these claims "identify the specific constitutional right allegedly infringed."

7    *Albright v. Oliver*, 510 U.S. 266, 271 (1994).  As explained in the court's prior order, 42 U.S.C.

8    § 1983 "is not itself a source of substantive rights," but rather provides "a method for vindicating

9    federal rights elsewhere conferred."  *Albright*, 510 U.S. at 271.  Because plaintiff has not identified

10   the rights allegedly infringed, his claims under section 1983 fail.

11        Claims nine, ten, twenty, twenty-one, thirty-eight, thirty-nine, and forty-two are brought

12   under 42 U.S.C. § 1981, which provides a cause of action for intentional discrimination.  Dkt. No.

13   29 at 22–25; *see Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 391, 102 S. Ct.

14   3141, 3150, 73 L. Ed. 2d 835 (1982) (concluding that § 1981 "can only be violated by purposeful

15   discrimination").  But plaintiff alleges no such discrimination.  To support claims nine and ten,

16   plaintiff alleges that he was falsely arrested but does not make any allegations as to discrimination.

17   Dkt. No. 29 at 12–13, 22.  To support claims twenty and twenty-one, plaintiff alleges that his youth

18   ministry was disrupted but again makes no allegations as to discrimination.  *Id.* at 14, 23.  To support

19   claims thirty-eight and thirty-nine, plaintiff makes the conclusory allegation that Defendants

20   Hewison and Olsen "prejudicially responded" to plaintiff's 911 call but alleges no facts to support

21   this conclusion nor any basis for the alleged prejudice.  *Id.* at 18, 25.  To support claim forty-two,

22   plaintiff alleges that Judge Chin ruled him incompetent to represent himself but does not allege any

23   discrimination.  *Id.* at 19–20, 25.  Because plaintiff has failed to allege any facts supporting his

24   claims for discrimination, these claims fail.

25        Claims twelve, twenty-six, twenty-seven, and twenty-eight are brought under 42 U.S.C.

26   § 1982.  *Id.* at 22–24.  Section 1982 "prohibit[s] all racial discrimination, private and public, in the

27   sale and rental of property."  *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 437, 88 S. Ct. 2186, 2202,

28   20 L. Ed. 2d 1189 (1968).  Once again, however, plaintiff alleges no facts supporting claims of

United States District Court
Northern District of California

1    discrimination.  To support claim twelve, plaintiff alleges certain defendants unlawfully physically

2    restrained him while his landlord changed the locks.  Dkt. No. 29 at 13, 22.  Nothing in the alleged

3    facts suggests discrimination.  The paragraph supporting claims twenty-six and twenty-seven is

4    difficult to decipher but appears to allege that police officers lied to plaintiff concerning the eviction

5    case against him and assisted his landlord in unlawfully evicting him.  *Id.* at 14–15, 24.  Again no

6    discrimination is alleged.  The paragraph supporting claim twenty-eight challenges a judge's

7    decision in the eviction case, but again alleges no discrimination.  *Id.* at 15, 24.  Plaintiff has

8    therefore failed to state a claim under 42 U.S.C. § 1982.

9          Claim twenty-nine does not identify any cause of action and is therefore dismissed.

10          Plaintiff's amended complaint does not contain "sufficient factual matter, accepted as true,

11    to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

12    (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The complaint is therefore

13    dismissed.

14          Plaintiff has already been given leave to amend his complaint and has done so without

15    addressing the deficiencies raised in the original complaint.  *See* Dkt. No. 28.  Moreover, it is clear

16    that further leave to amend would be futile.  Plaintiff's amended complaint, even more clearly than

17    the original complaint, is an attempt to seek review of state court judgments.  *See* Dkt. No. 29 at 9–

18    10 (naming Judge Chin as defendant), 14–15 (complaining of judge's actions in unlawful detainer

19    case), 19 (complaining of judge's decision in criminal case).  As the Court explained in its prior

20    order dismissing the original complaint, the *Rooker-Feldman* doctrine prohibits federal courts from

21    reviewing state court judgments.  *Reusser v. Wachovia Bank*, N.A., 525 F.3d 855, 858 (9th Cir.

22    2008).  Because further amendment would be futile, leave to amend is denied.  *See Zucco Partners,*

23    *LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009), as amended (Feb. 10, 2009) (noting

24    leave to amend is appropriate where amendment would be futile).

25          Because the complaint is dismissed with prejudice as to all defendants, the Deputies' motion

26    to dismiss is moot.

27

28    ///

United States District Court
Northern District of California

5

# CONCLUSION

Plaintiff's first amended complaint is **DISMISSED WITH PREJUDICE** and **WITHOUT LEAVE TO AMEND.**

**IT IS SO ORDERED**.

Dated:  March 9, 2023

SUSAN ILLSTON
United States District Judge